PEOPLE *v.* RAE JOHNSON.

1. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.

Testimony of other distinct offenses committed by the defendant cannot be introduced into evidence in a criminal prosecution.

2. SAME—TESTIMONY—LARCENY IN A BUILDING.

Admission of testimony in prosecution for larceny in a building which referred to defendant as a shoplifter, and testimony which referred to larceny by defendant in another department store *held,* not error, where the use of the word "shoplifter" came in response to a question necessary in laying the foundation for introduction of the allegedly stolen merchandise, and any prejudicial effect was cured on cross-examination, and reference to theft in another department store was testimony intended to impeach defendants' testimony and had no prejudicial effect (CL 1948, § 750.360).

3. SAME—APPEAL AND ERROR—LARCENY IN A BUILDING—MISCARRIAGE OF JUSTICE—EVIDENCE.

Verdict and sentence of guilty of larceny in a building will not be set aside on the ground of improper admission of evidence tending to show defendants guilty of other offenses, where it affirmatively appears from the record that the error complained of has not resulted in a miscarriage of justice (CL 1948, §§ 750-.360, 769.26).

Appeal from Superior Court of Grand Rapids; Vander Ploeg (Claude), J. Submitted Division 3 April 5, 1966, at Grand Rapids. (Docket No. 141.) Decided November 9, 1966.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur, Evidence § 309 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 778.

Rae Johnson and Ruth Jones were convicted of larceny in a building. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Norman Kravitz,* Assistant Prosecuting Attorney, for plaintiff.

*William N. Azkoul* and *George T. Krupp,* for defendants.

BURNS, P. J. The late Judge WATTS who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.

Defendants appeal from their conviction and sentence for taking 2 knit suits from Paul Steketee & Sons, a Grand Rapids department store, in violation of CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

Defendants claim that reversible error was committed by the introduction of evidence of other independent offenses. Kathryn McPike, a buyer of a Kalamazoo department store, was questioned by the prosecutor as follows:

"*Q.* Do you know how he [the arresting officer] happened to be there [at the scene of the arrest]?

"*A.* Well, he knew that, we had called earlier, I mean he knew when I was following them, I had spoken to him, and told him I was following a *shoplifter,* and asked him to help me." (Emphasis supplied.)

The defendants made the same claim as to the following testimony of Julia Amar, an employee of Wurzburg's department store, who was a rebuttal witness:

"*Q.* How do you happen to remember that [Rae Johnson was in Wurzburg's]?

"*A.* Because we bought—she had tried on several suits, and we had just purchased these suits, and they just came in our department, and she was looking—it was $89.95, this suit, and she was looking at this suit, and the following evening, we were checking our suits. *The suit was missing, and I knew that this suspicious character that was in,* I was—I quick told the department." (Emphasis supplied.)

At the conclusion of both of the above answers the defense moved for mistrial. The motions were denied.

The defendants have correctly stated the general rule which they contend should have compelled the trial court to grant their motions for mistrial. The general rule is that in a criminal prosecution testimony of other distinct offenses committed by the defendant cannot be introduced in evidence. The general rule, however, does not apply to the situation at hand.

Mrs. McPike's descriptive language, "shoplifter," came in response to a question necessary in laying the foundation for introduction of the allegedly stolen merchandise. Any prejudicial effect that Mrs. McPike's statement might have had certainly was cured when, upon cross-examination, she testified that nothing was taken from the department store where she was employed.

Miss Amar's testimony was intended to impeach the defendant, Rae Johnson, who said she had never been in Wurzburg's department store. In order to effectively discredit Miss Johnson's testimony the prosecution had to point out to the jury why Miss Amar so vividly recalled seeing her in Wurzburg's.

We do not think that Miss Amar's testimony tended to prove or did prove the commission of another offense, or that it had any prejudicial effect.

CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096) provides that no verdict shall be set aside on the ground of improper admission of evidence unless after an examination of the entire cause "it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." We find no miscarriage of justice in this case.

Judgment affirmed.

Fitzgerald, J., concurred.